No. 880

PEER v. HOILES

Ohio. Appeals, 9th Dist., Lorain Co.

No. 337. Decided Oct. 10, 1925

715. LIBEL—In action for, question as to whether publication is or is not libelous per se, is a question for the court.

PARDEE, P. J.

M. F. Peer sued R. C. Hoiles, owner and publisher of the Times Herald, in the Lorain Common Pleas alleging that the defendant had published of and concerning him, certain false statements. Peer further alleged that the publications were maliciously made and with intent to injure him in his good name and reputation in the community in which he lived.

Hoiles filed a general demurrer to Peer's petition which was sustained by the trial court and plaintiff not desiring to plead further, judgment was entered in favor of defendant. Error was prosecuted to the Court of Appeals, and it is the contention of Peer that the articles published were libelous per se and that it was not necessary to allege special damages. Hoiles claimed that said articles are not libelous per se and Peer having failed to allege special damages, he did not state any cause of action in his petition and this was the ground upon which the trial court sustained the demurrer. The Court of Appeals held.

1. It is well settled, both in principle and authority, that there is a clear line of demarcation between written or printed and mere oral defamation, in respect to its actionable character.

2. Much spoken language which is not actionable per se, is actionable if written or printed, without allegation or proof of how the language was injurious to the party complaining, in other words, in libel in these instances, the complaining party is not required to aver and prove special damages and oral words which will sustain a suit for slander, will sustain a suit for libel if written or printed and published. 37 OS. 33.

3. In an action for libel, question as to whether the publication is or is not libelous per se, is a question for the court.

## STATE COURT OF APPEALS—Continued

4. "Where the words are false, the law infers malice; and where their natural tendency is to injure, the law presumes damages." 6 Ohio 532.

5. From an examination of the articles published, the words charged are included in that class of libel, bringing one into ridicule, hatred or contempt, which is libelous per se.

6. The trial court was in error in sustaining the demurrer of Hoiles and entering judgment thereon.

Judgment reversed and cause remanded.

Attorneys—Orgill, Maschke & Wickham, Cleveland, for Peer; Glitsch & Stack, Lorain, for Hoiles.